Filed 1/6/16  P. v. Flores CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076882 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039476) |
| v. | |
| JOSE LUIS FLORES, | |
| Defendant and Appellant. | |

We are here called upon to decide whether the trial court had the authority to enter a domestic violence protective order pursuant to Penal Code section 136.2 (as that statute read at the time of defendant's sentencing) after defendant killed his mother's dog by hanging it from a fence near her house and was thereafter convicted of cruelty to animals in violation of Penal Code section 597, subdivision (a).  (Unless otherwise stated, statutory references that follow are to the Penal Code.)  Because defendant was not convicted of a crime of domestic violence, we hold the court did not have the authority to enter an order pursuant to section 136.2.  We will order the protective order stricken.

FACTS AND PROCEEDINGS

Defendant lived with his mother on-and-off for five years.  The mother had a small dog.  The morning of the incident, the mother and her daughter from out of town

1

(defendant's sister) left to run errands.  They returned home to find the dog missing.  A neighbor discovered the dog on a fence, hanged by its neck with a red shoelace.

After discovering the dog, the neighbor saw defendant.  She asked him if he killed the dog.  Defendant responded by touching his hand to his chest twice and smiling.  The neighbor took that as a yes.

When police arrived, defendant was drinking beer in the backyard.  He denied killing the dog but said he might have told his mother he wished she was "under ground." He also complained that his mother was "always 'fucking' with him, and he was tired of it, . . . ."

At trial, the jury convicted defendant of cruelty to an animal.  (§ 597, subd. (a).)  A charge of attempted criminal threats (§§ 422, subd. (a), 664) was dismissed on defendant's motion.

At sentencing, the trial court imposed a protective order, pursuant to section 136.2, ordering that defendant was not to contact, molest, threaten, or disturb the peace of his mother and that he was required to stay at least 400 yards away from her.  On appeal, defendant challenges that order as unauthorized.  The People concede the protective order was not within the court's authority.

DISCUSSION

When defendant was sentenced (May 21, 2014), section 136.2, subdivision (i)(1) provided in relevant part:  "In all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700 . . . the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim."

Section 13700, in turn, defines "domestic violence" as "abuse" committed against a "spouse, former spouse, cohabitant, former cohabitant, or person with whom the

2

suspect has had a child or is having or has had a dating or engagement relationship."
(§ 13700, subd. (b).)

Under the circumstances presented here, defendant's mother is not one of those persons specified in section 13700's definition of domestic violence victims. She was not defendant's spouse, cohabitant, "or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." (See § 13700, subd. (b).) Though defendant had lived with his mother for five years on-and-off, she was not a "cohabitant." (See *ibid.* ["[C]ohabitant" means "two unrelated adult persons living together for a substantial period of time, resulting in some permanency of relationship"].)

Because defendant's cruelty to animals conviction did not constitute a domestic violence conviction at the time of sentencing, the trial court lacked authority to impose the postjudgment protective order under section 136.2.

## DISPOSITION

The trial court is directed to strike the section 136.2 protective order and to prepare an amended abstract. The trial court is further directed to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

                                                       HULL            , J.

We concur:

      NICHOLSON     , Acting P. J.

      DUARTE        , J.

3